Samuel R. Miller (SBN 66871)
srmiller@sidley.com
Nicole M. Ryan (SBN 175980)
nicole.ryan@sidley.com
Jaime A. Lubbock (SBN 251825)
jlubbock@sidley.com
SIDLEY AUSTIN LLP
555 California Street
San Francisco, California 94104
Telephone: (415) 772-1200
Facsimile: (415) 772-7400

Anand Singh (SBN 250792)
asingh01@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, 40th Floor
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Attorneys for Defendants
STEWART TITLE GUARANTY COMPANY and
STEWART TITLE OF CALIFORNIA, INC.

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA BELLANDO-ROBERTS AS TRUSTEE FOR PHYLLIS MILLER REVOCABLE TRUST DATED MAY 28, 1982 AND RESTATED JANUARY 31, 2001,<br><br>Plaintiff,<br><br>v.<br><br>CUESTA TITLE COMPANY, STEWART TITLE OF CALIFORNIA, INC., STEWART TITLE GUARANTY COMPANY, and DOES 1-100, INCLUSIVE,<br><br>Defendants. | Case No. CV10-3402 R (FFMx)<br><br>[removed from San Luis Obispo Superior Court, Case No. CV 108120]<br><br>The Honorable Manuel L. Real<br><br>**ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT AS TO PLAINTIFF'S RICO CLAIM, WITH PREJUDICE, AND REMANDING THE REMAINDER OF THE CASE TO SAN LUIS OBISPO SUPERIOR COURT** |

1  Defendants Stewart Title Guaranty Company, Stewart Title of California, Inc., and Cuesta Title Company's Motions to Dismiss the First Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure came on for hearing on November 15, 2010 at 10 a.m. in this Court.  Counsel for Defendants and for Plaintiff were in attendance.  Having considered the parties' papers filed in support of and in opposition to the motion, oral argument, and other pleadings and papers on file herein, the Court, at the hearing, granted the motions as to Plaintiff's federal RICO claim, dismissed the RICO claim with prejudice, and declined to exercise supplemental jurisdiction over the remaining state-law claims.

In order to plead a civil RICO claim, Plaintiff must allege facts demonstrating (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity; (5) causing injury to Plaintiff's business or property.  *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005).

Here, Plaintiff does not allege civil RICO violations because she does not allege an enterprise or causation.  Plaintiff attempts to plead an association-in-fact enterprise. As stated in *Odom v. Microsoft Corp.*, 486 F.3d 541, 549 (9th Cir. 2007), an association-in-fact is " a group of persons associated together for a common purpose of engaging in a course of conduct."  And as stated in *Boyle v. United States*, 129 S. Ct. 2237, 2240 (2009), to establish the existence of such an enterprise, Plaintiff must establish the three structural elements of a "purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose."  And, as stated in *Chang v. Chen*, 80 F.3d, 1293, 1299 (9th Cir. 1996), an association-in-fact must have "an existence beyond that which is merely necessary to commit the predicate acts of racketeering."

Here, Plaintiff does not allege an ongoing organization that functions as a continuing unit with a common purpose.  Rather, Plaintiff alleges that Hurst Financial Corporation and Kelly Gearhart defrauded Plaintiff and that the Defendants knew of the fraud but did not warn Plaintiff or take steps to stop it.  While Hurst and

Gearhart's alleged purpose was to defraud investors, the Defendants' alleged purpose was to profit by doing business with Hurst and Gearhart irrespective of any fraudulent scheme.  Additionally, pursuant to *Hemi Group, LLC v. City of New York*, 130 S. Ct. 983 (2010), Plaintiff must plead an injury caused by the predicate acts.  However, the predicate acts she alleges all occurred after her investment with Hurst and Gearhart. As such, she has not pleaded the causation element of her RICO claim.  Plaintiff having had ample opportunity to adequately plead her civil RICO claims, and Plaintiff again having failed to do so, this Court is convinced that amendment would be futile. As such, Plaintiff's civil RICO claim (the First Amended Complaint's Fourth Claim for Relief) is dismissed with prejudice.

Plaintiff's RICO claim was the sole basis of this Court's jurisdiction.  As such, pursuant to 28 U.S.C. Section 1367(c)(3), this Court declines to exercise supplemental jurisdiction over the remaining claims.  This case is therefore remanded to San Luis Obispo Superior Court.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss are **GRANTED** as to Plaintiff's RICO claim, and Plaintiff's RICO claim is hereby **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that this case is remanded to the Superior Court of the State of California for the County of San Luis Obispo, and the Clerk is directed to send a certified copy of this Order to the clerk of the San Luis Obispo Superior Court.

Dated:  Nov. 29, 2010

THE HONORABLE MANUEL L. REAL
United States District Court Judge

[PROPOSED] ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS THE FIRST AMENDED COMPLAINT AS TO PLAINTIFF'S RICO CLAIM, WITH PREJUDICE, AND REMANDING REMAINDER OF CASE TO SAN LUIS OBISPO SUPERIOR COURT:  CASE NO. CV10-3402 R (FFMx)